# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Jennifer VanDerStok; Michael G. Andren; Tactical Machining,
L.L.C., a limited liability company; Firearms Policy Coalition,
Incorporated, a nonprofit corporation,

> Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States
Department of Justice; Steven Dettelbach, in his official
capacity as Director of the Bureau of Alcohol, Tobacco,
Firearms and Explosives; Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

No. 22-11071

> Defendants-Appellants.

―――――――――――

Blackhawk Manufacturing Group, Incorporated, doing
business as 80 Percent Arms,

> Intervenor Plaintiff-Appellee,

v.

Merrick Garland, U.S. Attorney General; United States
Department of Justice; Steven Dettelbach, in his official
capacity as Director of the Bureau of Alcohol, Tobacco,
Firearms and Explosives; Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

No. 22-11086

> Defendants-Appellants.

―――――――――――

Defense Distributed; Second Amendment Foundation,
Incorporated,

> Intervenor Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General, in his Official
capacity as Attorney General of the United States; United
States Department of Justice; Steven Dettelbach, in his official
capacity as Director of the Bureau of Alcohol, Tobacco,
Firearms and Explosives; Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

No. 23-10463

> Defendants-Appellants.

## MOTION TO VOLUNTARILY DISMISS APPEALS

These appeals arise out of preliminary injunctions entered by the district court in *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex.). The district court has now entered final judgment on the claims underlying the preliminary injunction. *See* D. Ct. Dkt. No. 78.[1] When the district court entered its final judgment on plaintiffs' claims, the preliminary injunctions that it previously entered on those claims dissolved. *See, e.g.*, *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) ("[A]n appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." (quotation omitted)); *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1360 n.25 (11th Cir. 2021) (preliminary injunction "dissolved when the Court entered its final judgment"); *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3D 429, 435 (6th Cir. 2016) ("[A] final order on the merits extinguishes a preliminary injunction."). Because the preliminary injunctions have dissolved, these appeals from those injunctions are now moot, and the government respectfully moves to dismiss these appeals pursuant to Federal Rule of Federal Procedure 42(b), with each party to bear its own costs.

The appellees in No. 22-11071 do not oppose this motion. The appellee in No. 22-11086 opposes this motion on the grounds that "the Supreme Court only stayed

---

[1] The Supreme Court has since stayed the district court's judgment "insofar as [it] vacate[s]" the Rule pending the disposition of the government's appeal from the final judgment. *See Garland v. VanDerStok*, No. 23A82 (Aug. 8, 2023).

the district court's June 30, 2023 order and July 5, 2023 judgment 'insofar as they vacate the final rule'" and it is appellee's "position that the PI is or should remain in place during the pendency of the Supreme Court's stay." The appellees in No. 23-10463 "consent to the relief" requested in this motion—that is, "an order dismissing the appeals"—but do not "agree with the stated mootness premise."

Respectfully submitted,

ABBY C. WRIGHT

 /s/ Sean R. Janda
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

August 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the cases are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Sean R. Janda
SEAN R. JANDA

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of

Fed. R. App. P. 27(d)(2) because it contains 325 words, according to the count of

Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda