# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,<br>    Plaintiffs-Appellees,<br>v.<br>Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br>    Defendants-Appellants. | No. 22-11071 |
| Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms,<br>    Intervenor Plaintiff-Appellee,<br>v.<br>Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br>    Defendants-Appellants. | No. 22-11086 |

## REPLY IN SUPPORT OF MOTION TO
## VOLUNTARILY DISMISS APPEALS

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), the government files this reply in support of its motion to voluntarily dismiss these appeals. As the government explained in its motion, these appeals arise out of preliminary injunctions entered by the district court in *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex.) that barred the government from enforcing, in part and against certain plaintiffs, a

Rule promulgated by ATF. The district court has now entered final judgment on the claims underlying the preliminary injunction and has vacated the Rule. *See* D. Ct. Dkt. No. 78. With the entry of final judgment on the relevant claims, the preliminary injunctions dissolved; it is self-evident that these appeals are moot and that the government's challenges to the district court's judgment should be litigated in the separate appeal currently pending from that judgment. *See* No. 23-10718.

Nevertheless, one intervenor-plaintiff contends that this Court should deny the government's motion to voluntarily dismiss its own appeals. According to that plaintiff, the preliminary injunctions entered by the district court have been "reviv[ed]" by the Supreme Court's stay of the district court's vacatur. Opp. 3. As is explained below, that contention is incorrect. But more fundamentally, that contention does not provide any basis for denying the government's motion to voluntarily dismiss its own appeals.

1. Federal Rule of Appellate Procedure 42(b) provides that an "appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Even where a motion for voluntary dismissal is opposed, courts apply a "presumption in favor of dismissal," *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004), and have emphasized that such motions are "generally granted," *American Auto. Mfrs. Ass'n v. Commissioner, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 22 (1st Cir. 1994); *HCA Health Servs. of Va. v. Metropolitan Life Ins.*, 957 F.2d 120, 123 (4th Cir.

1992). Indeed, notwithstanding the fact that Rule 42(b) states that an appeal "may" be dismissed, "the premises behind the adversary system—and the Article III requirement of a case or controversy—suggest the problems that would arise if a court were to refuse to dismiss an appeal that the appellant no longer wished to maintain." 16AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3988 (5th ed. Apr. 2021 update) (footnote omitted). Courts have thus been "reluctant to determine an issue presented in the abstract" and are "especially cautious of doing so when it appears that one of the parties is not willing to fully contest the issue." *See United States v. Washington, Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978).

Denying the motion to dismiss would be especially anomalous here, where the appellant is the federal government. The Solicitor General is responsible for "[d]etermining whether, and to what extent, appeals will be taken by the Government to all appellate courts." 28 C.F.R. § 0.20. "Unlike a private litigant who generally does not forgo an appeal if he believes that he can prevail, the Solicitor General considers a variety of factors . . . before authorizing an appeal." *United States v. Mendoza*, 464 U.S. 154, 161 (1984). And an appeal may not proceed without the Solicitor General's authorization. We are aware of no case in which any court has forced the United States to litigate an appeal notwithstanding the Solicitor General's contrary determination, and doing so could raise separation-of-powers concerns. *See Buckley v.*

*Valeo*, 424 U.S. 1, 138 (1976) (recognizing the constitutional problems that would arise from interference with the Executive Branch's authority to control its own litigation).

That conclusion is particularly obvious here, where the single objecting plaintiff—BlackHawk—has not articulated any prejudice from dismissal of these appeals. Although BlackHawk contends that the government's appeals are not moot, it has not explained how it has any reasonable basis to object to dismissal. Indeed, as BlackHawk explains in its opposition, it has already moved in district court for additional relief pending the government's appeal of the final judgment. Opp. 4-6. Thus, to the extent that there remain any questions about whether BlackHawk is correct that the preliminary injunctions have somehow been revived once the district court resolves that motion, those questions may properly be litigated in appeals from the grant or denial of any new relief in district court. There is no need to keep this appeal pending to provide BlackHawk an opportunity to present those arguments or seek additional relief.

2. In any event, BlackHawk's contention that these appeals are not moot is unpersuasive. As an initial matter, BlackHawk does not appear to contest that the usual rule is that an appeal from a preliminary injunction, "becomes moot when final judgment issues." *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) (quotation omitted); *see* Opp. 3-4. That bedrock rule rests on two different bases.

First is the general rule that "interlocutory orders rendered in [a] case typically merge with the [final] judgment for purposes of appellate review" once that judgment is entered. *Satanic Temple, Inc. v. Texas Health & Human Serv. Comm'n*, -- F.4th --, 2023 WL 5316718, at *1 (5th Cir. Aug. 18, 2023) (quotation omitted). Because a decision granting or denying a preliminary injunction is such an interlocutory order, it "merges with the final judgment" once "final judgment issues," *Koppula*, 72 F.4th at 84 (quotation omitted), and thus, "[t]o the extent that [parties] want to litigate further any issues that were raised in the preliminary injunction motion and remain live, they may do so in [any] appeal from the district court's final judgment," *Satanic Temple*, 2023 WL 5316718, at *2.

The second proceeds from the nature of a preliminary injunction. As this Court recently explained, "the function of preliminary relief" is simply "to preserve the status quo during the pendency of trial court proceedings—a function that loses vitality when there are no longer trial court proceedings." *Satanic Temple*, 2023 WL 5316718, at *1 (quotation omitted). Thus, separate and apart from the usual merger rule, a preliminary injunction "dissolve[s] when the Court enter[s] its final judgment" because, at that point, the function of the preliminary injunction has run its course. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1360 n.25 (11th Cir. 2021); *see also, e.g.*, *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016) ("[A] final order on the merits extinguishes a preliminary injunction.").

In its response, BlackHawk does not appear to dispute any of these general principles. Instead, BlackHawk suggests only that the usual rule is "not absolute" and so maybe does not apply here. But that is incorrect. Although there are "rare exceptions" to the usual rule, those exceptions are generally limited to circumstances where "a preliminary injunctions issues and affects independent and separate rights from any relief provided by a particular final judgment." *Satanic Temple*, 2023 WL 5316718, at *1 n.10. In such a case, where there is not an overlap between the final judgment and the preliminary injunction, it may be that the preliminary injunction does not in fact merge into the final judgment and that challenges to the preliminary injunction may exist independently of challenges to the final judgment. But that is not the case here: the district court's final judgment resolved the claims on which the preliminary injunctions rested, and there is thus no question that the preliminary injunctions have run their course and merged into the final judgment.

Indeed, BlackHawk appears to implicitly recognize this point, as it does not contend that the preliminary injunctions remained live following final judgment. Instead, BlackHawk contends that the injunctions sprung back into being once the Supreme Court stayed the vacatur. But BlackHawk cites no authority—and we are not aware of any—to support the remarkable proposition that a preliminary injunction that has already dissolved may be later resurrected when the final judgment is stayed. Nor does BlackHawk cite any authority supporting the idea that a preliminary

injunction continues in similar circumstances—where, for example, a district court initially grants a preliminary injunction in favor of the plaintiff but, at final judgment, enters judgment for the defendant.

Finally, although BlackHawk suggests that this result is compelled by "equitable circumstances," Opp. 4, that is unpersuasive. The Supreme Court has implicitly determined in this case that the district court was likely incorrect to enter judgment in plaintiffs' favor. Given that determination by a higher court, there is nothing inequitable about plaintiffs' having lost the protection of the preliminary injunctions, any more than there would be if (for example) the Supreme Court had stayed those injunctions directly.

In any event, as BlackHawk explains in its opposition, it has already moved in district court for additional relief, seeking, for example, "an identical" injunction as part of final "an injunction pending appeal." Opp. 4-6. Although the government has explained in district court that any such relief would be manifestly improper given the Supreme Court's stay of the final judgment—a stay that necessarily includes a finding that the government is likely to succeed in its challenge to the district court's judgment—BlackHawk's ability to seek such relief in district court further underscores that the proper forum for resolving its claim of entitlement to relief at this point is initially in district court and, if necessary, in an appeal from any further order of that court.

In sum, BlackHawk has provided no basis to deny the government's motion to voluntarily dismiss its appeals. And were this Court to consider the question of whether the appeals are moot, BlackHawk has provided no basis to depart from the bedrock principle that preliminary injunctions dissolve upon final judgment.

                Respectfully submitted,

                ABBY C. WRIGHT

                */s/ Sean R. Janda*
                SEAN R. JANDA
                *Attorneys, Appellate Staff*
                *Civil Division, Room 7260*
                *U.S. Department of Justice*
                *950 Pennsylvania Avenue NW*
                *Washington, DC 20530*
                *(202) 514-3388*
                *sean.r.janda@usdoj.gov*

August 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the cases are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Sean R. Janda*
SEAN R. JANDA

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1607 words, according to the count of Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda
